UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
NORTHERN DIVISION

| | |
|---|---|
| TUJUANE LOWRY,<br><br>    Plaintiff,<br><br> vs.<br><br>DAVE LUNZMAN, BROWN COUNTY SHERIFF AT BROWN COUNTY JAIL, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY; AND MONICA HEIN, NURSE FOR BROWN COUNTY AT BROWN COUNTY JAIL, IN HER INDIVIDUAL AND OFFICIAL CAPACITY;<br><br>    Defendants. | 1:25-CV-01004-CCT<br><br><br>**1915A SCREENING** |

Plaintiff, Tujuane Lowry, an inmate at the Big Sandy United States Penitentiary, in Inez, Kentucky, filed a pro se civil rights lawsuit under 42 U.S.C. § 1983. Docket 1. This Court granted Lowry's motion for leave to proceed in forma pauperis, and he paid his initial filing fee. Docket 5. The Court now screens Lowry's complaint under 28 U.S.C. § 1915A.

## 1915A SCREENING

### I. Factual Background

The facts as alleged in the complaint are as follows:

The incident at issue is alleged to have occurred between September 2022 and January 2023. Docket 1 at 4–5. Lowry asserts that while he was a pretrial detainee at Brown County Jail (the "Jail"), he was transported to the

1

Sanford Medical Center (Sanford) due to a flare-up of a facial skin infection. *Id.* at 4. According to Lowry, the medical provider at Sanford prescribed him "14 doxycyclin [sic] pills" to take "twice a day and a[n] antibiotic ointment to use as needed." *Id.* (capitalization in original omitted). After 7 to 10 days, he exhausted his supply of doxycycline but continued applying the ointment. *Id.* His infection subsequently worsened, spreading to both sides of his face and discharging blood and yellowish fluid. *Id.* Lowry claims that he submitted multiple medical requests to Nurse Monica Hein, and filed several grievances "to the highest level," but received no response. *Id.* (capitalization in original omitted). Brown County Sheriff Dave Lunzman allegedly knew that Lowry needed medical treatment. *Id.* at 2. Lowry further claims that Nurse Hein discontinued his antibiotic ointment without explanation and only responded to his medical requests after he informed her of his intent to contact an attorney. *Id.* at 4–5. Lowry asserts that, in response, Nurse Hein informed him that, due to his expressed intent to pursue legal action, she would no longer treat any of his non-emergency medical needs. *Id.* at 5.

Lowry sues Defendants in their individual and official capacities. *Id.* at 2. He claims that Sheriff Lunzman violated his rights under the Eighth Amendment and Nurse Hein violated his rights under the First and Eighth Amendments. *Id.* at 4–5. He seeks $60,000 in compensatory damages and $75,000 in punitive damages from each Defendant. *Id.* at 7.

## I. Legal Background

The Court must assume as true all facts well pleaded in the complaint when screening. *Est. of Rosenberg v. Crandell*, 56 F.3d 35, 36 (8th Cir. 1995). Pro se and civil rights complaints must be liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citation omitted); *Bediako v. Stein Mart, Inc.*, 354 F.3d 835, 839 (8th Cir. 2004) (citation omitted). Even with this construction, "a *pro se* complaint must contain specific facts supporting its conclusions." *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985) (citation omitted); *see also Ellis v. City of Minneapolis*, 518 F. App'x 502, 504 (8th Cir. 2013) (per curiam) (citation omitted).

A complaint "does not need detailed factual allegations . . . [but] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). If it does not contain these bare essentials, dismissal is appropriate. *See Beavers v. Lockhart*, 755 F.2d 657, 663–64 (8th Cir. 1985) (citation omitted) (explaining that a district court does not err when it dismisses a claim based on vague allegations or unsupported generalizations). *Twombly* requires that a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true[.]" 550 U.S. at 555 (internal citation and footnote omitted); *see also Abdullah v. Minnesota*, 261 F. App'x 926, 927 (8th Cir. 2008) (per curiam) (noting that a "complaint must contain either direct or inferential allegations respecting all material

3

elements necessary to sustain recovery under some viable legal theory" (citing *Twombly*, 550 U.S. at 554–63)).

Under 28 U.S.C. § 1915A, the Court must screen prisoner complaints and dismiss them if they "(1) [are] frivolous, malicious, or fail[ ] to state a claim upon which relief may be granted; or (2) seek[ ] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

## II. Legal Analysis

### A. Official Capacity Claims

Lowry sues Defendants in their official capacities for money damages. Docket 1 at 2. "A suit against a government officer in his official capacity is functionally equivalent to a suit against the employing governmental entity." *Veatch v. Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010) (citation omitted). Thus, Reller's claims against Defendants in their official capacities are equivalent to claims against Brown County.

"[A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). A county or local government may only be sued "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy," deprives a plaintiff of a federal right. *Id.* A § 1983 complaint does not need to "specifically plead the existence of an unconstitutional policy or custom to survive a motion to dismiss." *Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 591 (8th Cir. 2004) (citing *Doe ex rel. Doe v. Sch. Dist.*, 340 F.3d 605,

4

614 (8th Cir. 2003)). But the complaint must include some allegation, reference, or language that creates an inference that the conduct resulted from an unconstitutional policy or custom. *Id.*; *see also Doe*, 340 F.3d at 614 ("At a minimum, a complaint must allege facts which would support the existence of an unconstitutional policy or custom.").

To establish governmental liability premised on an unofficial custom rather than an official policy, a plaintiff must allege facts to support a finding of "a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees" and "deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct[.]" *Brewington v. Keener*, 902 F.3d 796, 801 (8th Cir. 2018) (quoting *Corwin v. City of Independence*, 829 F.3d 695, 700 (8th Cir. 2016)).

Here, Lowry does not allege facts indicating that Brown County had a policy or custom that caused the violation of his rights. *See generally* Docket 1. Lowry claims that grievances were filed "to the highest level[,]" but he has not clearly alleged the existence of a continuing, widespread, persistent pattern of unconstitutional misconduct. *Id.* (capitalization in original omitted). Lowry's filings clearly indicate that his grievances contained information about the existence of his skin infection, but he has not alleged his grievances contained information sufficient to show a continuing, widespread, persistent pattern of misconduct to provide notice to a policymaking official. Thus, Lowry's official capacity claims are dismissed without prejudice for failure to state a claim

5

upon which relief may be granted under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

### B. Individual Capacity Claims

"Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).

> Thus, each Government official . . . is only liable for his or her own misconduct. As we have held, a supervising officer can be liable for an inferior officer's constitutional violation only if he directly participated in the constitutional violation, or if his failure to train or supervise the offending actor caused the deprivation.

*Parrish v. Ball*, 594 F.3d 993, 1001 (8th Cir. 2010) (cleaned up). Lowry's individual capacity claims against individual defendants must allege that each individual defendant either participated in the unconstitutional conduct or caused the conduct to occur through a failure to train or supervise the offending actor. *See id.*

#### 1. Medical Care Claims

Lowry claims that Defendants have denied him medical care in violation of his Eighth Amendment right. Docket 1 at 4. A pretrial detainee's claims of inadequate medical care are analyzed under the Fourteenth Amendment's due process protections, rather than the Eighth Amendment. *Davis v. Hall*, 992 F.2d 151, 152 (8th Cir. 1993) (per curiam). But because the Eighth Circuit has not established a different standard for this analysis, these claims are

examined under the same deliberate indifference standard as Eighth Amendment claims by convicted inmates. *Id.* at 152–53.

"[D]eliberate indifference to serious medical needs of prisoners constitutes 'the unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (quoting *Gregg v. Georgia*, 428 U.S. 153, 173 (1976)). "This is true whether the indifference is manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." *Id.* at 104–05 (footnotes omitted). "This conclusion does not mean, however, that every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment." *Id.* at 105. "[A] prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Id.* at 106. Allegations of negligence will not suffice, nor will mere disagreement with treatment decisions. *Jolly v. Knudsen*, 205 F.3d 1094, 1096 (8th Cir. 2000) (citing *Est. of Rosenberg*, 56 F.3d at 37).

The deliberate indifference standard includes both an objective and subjective component. *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997) (citing *Coleman v. Rahija*, 114 F.3d 778, 784 (8th Cir. 1997)). The plaintiff "must demonstrate (1) that [he] suffered objectively serious medical needs and (2) that the prison officials actually knew of but deliberately disregarded those needs." *Id.* (citing *Coleman*, 114 F.3d at 784). "A serious medical need is one that has been diagnosed by a physician as requiring

treatment, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention." *Coleman*, 114 F.3d at 784 (internal quotation omitted). To be liable for deliberately disregarding medical needs, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *see also Spruce v. Sargent*, 149 F.3d 783, 786 (8th Cir. 1998) ("[C]onstructive knowledge, or the 'should-have-known' standard, is not sufficient to support a finding of deliberate indifference . . . .").

Liberally construed, Lowry alleges sufficient facts to state a claim for deliberate indifference to his serious medical need of his skin condition. He alleges that Nurse Hein ignored Lowry's medical requests and discontinued his prescribed antibiotic ointment without explanation. *Id.* at 4–5. He claims that Sheriff Lunzman knew of his medical need but disregarded it. Thus, Lowry's claims for deliberate indifference to serious medical needs against Nurse Hein and Sheriff Lunzman in their individual capacities for money damages survive § 1915A screening.

### 2. Retaliation Claim

Lowry alleges that Nurse Hein violated his First Amendment right to be free from retaliation. Docket 1 at 5. In order for Lowry to allege a First Amendment retaliation claim, he must show that: "(1) he engaged in a protected activity, (2) the government official took adverse action against him that would chill a person of ordinary firmness from continuing in the activity,

and (3) the adverse action was motivated at least in part by the exercise of the protected activity." *Spencer v. Jackson Cnty.*, 738 F.3d 907, 911 (8th Cir. 2013) (quoting *Revels v. Vincenz,* 382 F.3d 870, 876 (8th Cir. 2004)). "[T]he plaintiff must show the official took the adverse action because the plaintiff engaged in the protected [activity]." *Revels*, 382 F.3d at 876. "The right to hire and consult an attorney is protected by the First Amendment[.]" *Denius v. Dunlap*, 209 F.3d 944, 953 (7th Cir. 2000) (citation omitted); *see Lewis v. Jacks*, 486 F.3d 1025, 1029 (8th Cir. 2007) ("The filing of a prison grievance, like the filing of an inmate lawsuit, is protected First Amendment activity." (citation omitted)).

Here, Lowry alleges that after receiving no response to his medical requests for approximately a week, he informed Nurse Hein that he intended to consult with an attorney regarding his legal options. Docket 1 at 5. He claims that Nurse Hein responded by stating that, because he had verbalized an intent to pursue legal action, she would no longer treat any of his non-emergency medical needs. *Id.* Accordingly, Lowry's First Amendment retaliation claim against Hein in her individual capacity for money damages survives § 1915A screening.

Thus, it is ORDERED:

1. That Lowry's claims against Defendants in their official capacities are dismissed without prejudice under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

2. That Lowry's Fourteenth Amendment deliberate indifference to serious medical needs claims against Nurse Hein and Sheriff

9

Lunzman in their individual capacities for money damages survive § 1915A screening.

3. That Lowry's First Amendment retaliation claim against Nurse Hein in her individual capacity for money damages survives § 1915A screening.

4. That the Clerk of Court shall send blank summons forms and Marshall Service Forms (Form USM-285) to Lowry so that he may cause the complaint to be served upon Defendants.

5. That Lowry shall complete and send the Clerk of Court a separate summons and USM-285 form for each defendant within **thirty days from the date of this Court's screening order**. Upon receipt of the completed summons and USM-285 forms, the Clerk of Court will issue the summons. If the completed summons and USM-285 form are not submitted as directed, the complaint may be dismissed without prejudice for failure to prosecute.

6. That the United States Marshal Service shall serve the completed summons, together with a copy of the complaint (Docket 1) and this order, upon Defendants.

7. That Defendants will serve and file an answer or responsive pleading to the complaint on or before 21 days following the date of service or 60 days if Defendants fall under Federal Rule of Civil Procedure 12(a)(2) or (3).

8.  That Lowry will keep the Court informed of his current address at all times. All parties are bound by the Federal Rules of Civil Procedure and by the Court's Local Rules while this case is pending.

Dated June 6, 2025.

>    BY THE COURT:
>
>    /s/ *Camela C. Theeler*
>    CAMELA C. THEELER
>    United States District Judge