UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
NORTHERN DIVISION

| | |
|---|---|
| TUJUANE LOWRY, <br><br> Plaintiff, <br><br> vs. <br><br> DAVE LUNZMAN, BROWN COUNTY SHERIFF AT BROWN COUNTY JAIL, IN HIS INDIVIDUAL CAPACITY; AND MONICA HEIN, NURSE FOR BROWN COUNTY AT BROWN COUNTY JAIL, IN HER INDIVIDUAL CAPACITY, <br><br> Defendants. | 1:25-CV-01004-CCT <br><br><br> **ORDER DENYING PLAINTIFF'S MOTION FOR DISCOVERY** |

Plaintiff, Tujuane Lowry, an inmate at the Big Sandy United States Penitentiary, in Inez, Kentucky, filed a pro se civil rights lawsuit under 42 U.S.C. § 1983. Docket 1. This Court screened Lowry's complaint under 28 U.S.C. § 1915A, dismissing it in part and directing service in part. Docket 6. To date, neither of the Defendants has been served. Docket 8. Lowry has filed a motion for discovery. Docket 9. Lowry contends that he has had "a difficult time with obtaining [his] medical records, medical requests and the responses to those requests and all grievance records from 6/22/2022 through 1/31/2023 from the Brown County auditor." *Id.* at 1. According to Lowry's motion, a deputy Brown County State's Attorney denied his Freedom of

Information request[1] for medical records and grievance records. *Id.*; Docket 9-1. Lowry requests that the Court order "Brown County shall provide to plaintiff all medical records, all medical requests and the responses to those requests, all grievance records and any documents pertinent to the issues in this case, including medical records from any outside treatment provider[.]" Docket 9 at 2.

## DISCUSSION

Lowry requests that the Court order Brown County to produce medical records and grievance records in accordance with Federal Rule of Civil Procedure 26(a)(1). Rule 26(a)(1)(A) provides in relevant part that

> [A] party must, without awaiting a discovery request, provide to the other parties:
>
> (i)    the name and, if known, the address and telephone number of each individual likely to have discoverable information–along with the subjects of that information–that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment;
>
> (ii)    a copy–or a description by category and location–of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment;
>
> (iii)    a computation of each category of damages claimed by the disclosing party–who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each

---

[1] It appears that Lowry made a request under South Dakota's open public records law. *See* SDCL § 1-27-1.

2

> computation is based, including materials bearing on the nature and extent of injuries suffered; and
>
> (iv)    for inspection and copying under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments make to satisfy the judgment.

Fed. R. Civ. P. 26(a)(1)(A). Brown County is not a party to this action. Thus, this Court cannot issue an order compelling Brown County to produce anything. Further, even if Brown County were a party, the Court's authority to order discovery is set forth in Federal Rule of Civil Procedure 37, which provides that "a party may move for an order compelling . . . discovery." Fed. R. Civ. P. 37(a)(1). A party may move for an order compelling a disclosure required by Rule 26(a), an answer to an interrogatory submitted under Rule 33, a request for production of documents under Rule 34, or an answer to a question during a deposition under Rule 30 or 31. *Id.* at 37(a)(3). Because Lowry is in the custody of the United States and proceeding pro se, this proceeding is exempt from the initial disclosure requirements of Rule 26(a)(1)(A). Fed. R. Civ. P. 26(a)(1)(B). Thus, this Court cannot enter an order compelling Brown County or the named defendants to comply with Rule 26(a)(1)(A). The record does not indicate that Lowry has served interrogatories or requests for production of documents. For these reasons, Lowry's motion for discovery, Docket 9, is denied.

If Lowry intends to seek discovery from the named Defendants, he must comply with the applicable Federal Rules of Civil Procedure, including Rules 33

and 34. If Lowry wants to obtain documents from non-parties, including Brown County, he must comply with Federal Rule of Civil Procedure 45.

Thus, it is ORDERED:

1.    That Lowry's motion for discovery, Docket 9, is denied.

2.    That the Clerk of Court shall send Lowry copies of Federal Rules of Civil Procedure 33, 34, and 45.

Dated July 28, 2025.

BY THE COURT:

/s/ *Camela C. Theeler*

CAMELA C. THEELER
UNITED STATES DISTRICT JUDGE