UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
NORTHERN DIVISION

| | |
|---|---|
| TUJUANE LOWRY,<br><br>            Plaintiff,<br><br>    vs.<br><br>DAVE LUNZMAN, BROWN COUNTY SHERIFF AT BROWN COUNTY JAIL, IN HIS INDIVIDUAL CAPACITY,<br><br>           Defendant. | 1:25-CV-01004-CCT<br><br><br>**ORDER GRANTING PLAINTIFF'S MOTIONS TO AMEND AND DENYING PLAINTIFF'S MOTIONS TO APPOINT COUNSEL** |

Plaintiff, Tujuane Lowry, who was an inmate at the Big Sandy United States Penitentiary, in Inez, Kentucky, filed a pro se civil rights lawsuit under 42 U.S.C. § 1983. Docket 1. This Court granted Lowry's motion for leave to proceed in forma pauperis and screened Lowry's complaint under 28 U.S.C. § 1915A, dismissing it in part and directing service in part. Dockets 5, 6. Lowry's Fourteenth Amendment deliberate indifference to serious medical needs claim against Sheriff Lunzman survived § 1915A screening. Docket 6 at 9–10. Sheriff Lunzman has been served and answered Lowry's complaint. Dockets 11, 15. Lowry moves for leave to file an amended complaint alleging a retaliation claim against Lunzman. Dockets 33, 38. Lowry also moves for appointment of counsel and an independent expert. Dockets 36, 37.

## I.     Motion to Amend

After Lunzman answered Lowry's complaint, the Court issued a Rule 16
Scheduling Order providing that the "parties have until **January 15, 2026**, to
move to . . . amend the pleadings." Docket 30 ¶ 2. Lowry's motion to amend
was timely filed. *See* Docket 33. Additionally, Lowry substantially complied
with D.S.D. Civ. LR 15.1 by attaching a proposed amended complaint setting
out his retaliation claim, clarifying the calculation of his claimed compensatory
and punitive damages, and providing additional detail regarding his claimed
injuries. *See* Docket 33-1. Subsequently, Lowry filed a "continuation" or
supplement to his motion to amend setting out additional factual allegations in
support of his retaliation claim. Docket 38. Lunzman did not oppose Lowry's
motion to amend or the supplement to his motion to amend, and his time for
doing so has expired. *See* D.S.D. Civ. LR 7.1(B).

Under Federal Rule of Civil Procedure 15(a)(2), "[t]he court should freely
give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). "[A]
district court's denial of leave to amend pleadings is appropriate only in those
limited circumstances in which undue delay, bad faith on the part of the
moving party, futility of the amendment, or unfair prejudice to the non-moving
party can be demonstrated." *Roberson v. Hayti Police Dep't*, 241 F.3d 992, 995
(8th Cir. 2001) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Lunzman
does not argue that he will be prejudiced if Lowry is permitted to amend his
complaint to assert a retaliation claim, and it does not appear that the
retaliation claim is futile. At this stage of the litigation, it is in the interests of

justice to permit the proposed amendments clarifying Lowry's claimed damages and injuries. For these reasons, Lowry's motions to amend, Dockets 33 and 38, are granted.

## II.    Motion to Appoint Counsel

Lowry moves for appointment of counsel. Dockets 36, 37. Although "[t]he court may request an attorney to represent any person unable to afford counsel[,]" 28 U.S.C. § 1915(e), "[a] pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case." *Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998). The Eighth Circuit considers "the factual complexity of the case, the ability of the indigent to investigate the facts, the existence of conflicting testimony, the ability of the indigent to present his claim and the complexity of the legal issues." *Abdullah v. Gunter*, 949 F.2d 1032, 1035 (8th Cir. 1991) (citing *Johnson v. Williams*, 788 F.2d 1319, 1322–23 (8th Cir. 1986)). Here, Lowry's claims are not factually or legally complex, and he has clearly and adequately presented his allegations and claims to the Court. Lowry argues that he is unsure whether this case requires extensive documentary discovery, depositions, or access to witnesses and documents normally unavailable to inmates. Docket 36 at 2. These "what ifs" are not a reason to appoint counsel at this stage of the litigation. If discovery issues arise, Lowry may seek relief from the Court or renew his motion for appointment of counsel. But the Court will not appoint counsel at this stage of the litigation based on Lowry's speculation about potential issues that may arise. Lowry also contends that the facts are going to be strongly disputed. *Id.*

3

If, after the Court considers any dispositive motions, there are factual disputes to be resolved at trial, Lowry may renew his motion for appointment of counsel to represent him at trial. For these reasons, Lowry's motions for appointment of counsel, Dockets 36 and 37, are denied.

## III.    Motion for Appointment of Independent Expert

Lowry contends that he will need a medical expert to refute Lunzman's expert and that he cannot afford to retain an expert. Docket 37. It remains to be seen whether Lunzman, who is not a medical provider, designates an expert. It also remains to be seen whether Lowry must designate an expert to overcome any dispositive motion Lunzman may file. But it is clear that the Court does not have authority to appoint an expert to assist Lowry in prosecuting his claims.  "28 U.S.C. § 1915 entitles indigent prisoners to bring their legal claims to court without pre-payment of the usual fees. There is, however, no similar provision which allows the Court to appoint expert witnesses for the express purpose of supporting a pro se litigant's claims." *Dale v. Dooley*, No. 4:14-CV-04003-LLP, 2015 WL 224969, at *4 (D.S.D. Jan. 15, 2015). Lowry's motion for appointment of independent expert, Docket 37, is denied.

## IV.    Conclusion

For the reasons stated above, it is ORDERED:

1.    That Lowry's motions for leave to file an amended complaint, Dockets 33 and 38, are granted. The Clerk of Court will file Lowry's proposed amended complaint, Docket 33-1. Lunzman will answer

Lowry's amended complaint, Docket 33-1, as supplemented by Docket 38, within 14 days of the date of this order.

2.      That Lowry's motions for appointment of counsel, Dockets 36 and 37, are denied.

3.      That Lowry's motion for appointment of an independent expert, Docket 37, is denied.

Dated December 31, 2025.

                              BY THE COURT:

                              /s/ *Camela C. Theeler*
                              CAMELA C. THEELER
                              UNITED STATES DISTRICT JUDGE